**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

KARSTEN BRINSON,     :
            :
   Movant,      :
            :
v.           :   CIVIL ACTION NO.
            :   1:04-CR-0128-01-RWS
UNITED STATES OF AMERICA,  :
            :
   Respondent.     :
            :

## ORDER

   This case is before the Court for consideration of Petitioner's Motion for

Extension of Time to File Motion for Reconsideration [100] and Petitioner's

Motion for Reconsideration [101].  After reviewing the record, the Court enters

the following Order.  As an initial matter, Movant's Motion for Extension of

Time [100] is **GRANTED**.

   The Court's decisions are "not intended as mere first drafts, subject to

revision and reconsideration at a litigant's pleasure," <u>Quaker Alloy Casting Co.</u>

<u>v. Gulfco Indus., Inc.</u>, 123 F.R.D. 282, 287 (N.D. Ill. 1988), and motions for

reconsideration should not be filed as a matter of  routine practice. LR 7.2(E),

NDGa. Rather, such motions "should be reserved for certain limited situations, namely the discovery of new evidence, an intervening development or change in the law, or the need to correct a clear error or prevent a manifest injustice." Deerskin Trading Post, Inc. v. United Parcel Serv. of Am., Inc., 972 F. Supp. 665, 674 (N.D. Ga. 1997 (citing Preserve Endangered Areas of Cobb's History v. United States Army Corps of Engineers, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), aff'd, 87 F.3d 1242 (11th Cir. 1996)).

Given the narrow scope of motions for reconsideration, they may not be used in a variety of circumstances. A motion for reconsideration may not be used to offer new legal theories or evidence that could have been presented in a previously filed motion or response, unless a reason is given for failing to raise the issue at an earlier stage in the litigation. Escareno v. Noltina Crucible & Refractory Corp., 172 F.R.D. 517, 519 (N.D. Ga. 1994) (citing O'Neal v. Kennamer, 958 F.2d 1044, 1047 (11th Cir. 1992)). Similarly, a motion for reconsideration may not be used "to present the court with arguments already heard and dismissed or to repackage familiar arguments to test whether the court will change its mind." Bryan v. Murphy, 246 F. Supp. 2d 1256, 1259 (N.D. Ga. 2003). Finally, "[a] motion for reconsideration is not an opportunity for the moving party . . . to instruct the court on how the court 'could have done

2

it better' the first time." <u>Preserve Endangered Areas of Cobb's History</u>, 916 F. Supp. at 1560.

For the most part, Movant's request for reconsideration is an effort to re-argue issues previously raised by the movement and decided by the Court. Movant offers no basis for the Court to reconsider the rulings on any of these issues.

Movant raises one issue which he has not previously raised, the question of whether the sentence imposed falls outside the appeal waiver in his Plea Agreement. This issue is not timely raised. The issue is not based upon any new evidence or law and could have been raised by Movant as early as the filing of his initial appeal. The Court will not consider this issue on a motion for reconsideration. Further, the imposition of a statutory minimum sentence is deemed a guidelines sentence under the Sentencing Guidelines. U.S.S.G. § 5G1.1; <u>United States v. Flint</u>, 156 Fed. App. 252, 257 (11th Cir. 2005). Therefore, Movant would not be entitled to relief based on this issue.

Based on the foregoing, Movant's Motion for Reconsideration [101] is hereby **DENIED**.

AO 72A
(Rev.8/82)

**SO ORDERED**, this  14th  day of July, 2009.


_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)